Jackie JONES, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–12626.

Criminal Court of Appeals of Oklahoma.

Oct. 15, 1958.

Ralph A. Myers, Jr., El Reno, for plaintiff in error.

Harry Lorenzon, County Atty., El Reno, Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

Jackie Jones, plaintiff in error, hereinafter referred to as the defendant was charged by information with the crime of perjury in the District Court of Canadian County. He was tried before a jury, found guilty. The jury, being unable to agree upon the punishment, left the same the trial judge who sentenced the defendant to serve three years in the state penitentiary.

The defendant lodged his appeal in this court on the 26th day of May, 1958. No briefs were filed during the required period of time nor was an extension of time requested. The case was set for oral argument September 10, 1958. No one appeared in behalf of the defendant to present argument and the case was thereupon submitted on the record.

██ · This court has adhered closely to the rule as stated in Hulsey v. State, 82 Okl.Cr. 332, 169 P.2d 771:

"Where the defendant appeals from a judgment of conviction and no briefs are filed nor argument presented, this court will examine the evidence and ascertain if it supports the verdict, and will make an examination of the information, instructions excepted to, and the judgment, and if no material error is apparent, the judgment will be affirmed."

In compliance with this rule we have found no error which would justify reversal.

The record reflects that defendant was charged with perjury after testifying in District Court in a case wherein one Bob Freels was convicted of rape. The defendant, who was 16 years of age, had been in the company of the prosecutrix and Bob Freels at the time of the alleged rape. After Freels and this defendant were taken into custody after the alleged rape, defendant herein made a sworn statement before a notary in the county attorney's office. During the course of the trial, the defendant's testimony was contrary to the sworn statement in several instances. This testimony being related in Freels v. State, Okl.Cr., 320 P. 2d 731, it is unnecessary to reiterate it herein.

██ The testimony herein shows that the defendant lived with a widowed mother; his father died when he was about 12 years old, and his mother works as a waitress to support her household. That the defendant, who is now 18, works as a carpenter and helps his mother.

The record shows defendant has had no previous record except one traffic violation. At the time of the alleged perjury the defendant was 17 years of age. In view of all the circumstances, the tender years, the first offense, this court feels that justice would be best served by reducing the sentence from three years to two years in the Oklahoma State Penitentiary.

It is therefore ordered and otherwise affirmed.

BRETT, P. J., and POWELL, J., concur.